**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MANUEL ALEJANDRO CHANANLUISA TIPAN,

Petitioner,

v.

MARKWAYNE MULLIN, ET AL.,

Respondent(s).

3:26cv01483

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PETITIONER MANUEL ALEJANDRO CHANANLUISA TIPAN'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Manuel Alejandro Chananluisa Tipan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

Petitioner asserts in his habeas petition that he: (1) is a native and citizen of Ecuador; (2) illegally entered the United States in or about 2021; (3) was detained by ICE on July 30, 2026, in Cranberry, Pennsylvania; (4) has pending removal proceedings (*i.e.*, there is not a final order of removal in effect as to Petitioner); and (5) currently is detained at Moshannon Valley Processing Center. (*Id.* at 6-8, 18-19).

Petitioner further contends that he is being improperly detained by Respondents pursuant to 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which requires mandatory detention, whereas his detention should be governed pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"), where detention is discretionary, and therefore, Respondents are violating his due process rights under the Fifth Amendment to the United States Constitution, his rights under the Immigration and

Naturalization Act, the Administrative Procedures Act, and the Suspension Clause of the Constitution. (*Id*. at 10-15).

On August 6, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that Petitioner is properly being detained pursuant to 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"). (Doc. 7 at 2). In support thereof, they cite to *Matter off Hurtado*, 29 I & N Dec. 216 (BIA 2025), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (*Id.*).

On August 11, 2026, Petitioner file a Reply to Respondents' Response. (Doc. 8).

In his Reply, Petitioner asserts that: (1) his detention is governed by Section 1226(a), not Section 1225(b)(2); (2) "Where the Government has deprived an individual of liberty pursuant to a detention authority that does not apply to him, and has never independently established a lawful basis requiring his continued physical confinement, Petitioner respectfully submits that the appropriate remedy is release from the unlawful detention;" and (3) if "the appropriate remedy is an individualized custody hearing under § 1226(a), that hearing must provide meaningful procedural protection against continued erroneous deprivation of Petitioner's liberty. Respondents should therefore bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is necessary because he presents a danger to the community or a risk of flight. The Immigration Judge should also be required to consider whether alternatives to detention can reasonably address any identified risk and, before imposing any monetary condition of release, consider Petitioner's financial circumstances and ability to pay." (*Id* . at 3-5).

On August 20, 2026, Petitioner filed a status letter wherein he explained:

> Since Petitioner's Reply was filed on August 11, 2026 (ECF No. 8), his family circumstances have changed considerably. On August 9, 2026, Petitioner's second

> child was born at UPMC Magee-Womens Hospital, approximately six weeks premature, and was admitted to the Neonatal Intensive Care Unit for respiratory distress. Medical records reflect that the infant has a suspected congenital cardiac anomaly, requires ongoing cardiology follow-up, and was evaluated for possible infection shortly after birth. While the infant's condition has since stabilized, he remains hospitalized and under close medical observation. A copy of the most recent hospital progress note is attached as Exhibit "A."
>
> As a result, the children's mother is now solely responsible for caring for a hospitalized newborn with significant medical needs, in addition to the couple's three-year-old child, without Petitioner present to help. Petitioner's continued detention, absent any bond hearing, deprives the family of his support and presence at the moment it is needed most.
>
> Petitioner respectfully requests that the Court grant his immediate release from custody, subject to reinstatement of appropriate conditions of release. In the alternative, Petitioner requests that the Court order an individualized bond hearing before an immigration judge without further delay, at which Respondents bear the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. Petitioner is not seeking any relief beyond what has already been requested in the Petition and Reply . . . .

(Doc. 9 at 1-2).

Thus, this matter has been fully briefed and is ripe for adjudication.

## II. DISCUSSION AND FINDINGS

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to Section 1226(a), as contended by Petitioner, or mandatory detention under Section 1225(b)(2), as contended by Respondents; and (2) what is the relief to which Petitioner is entitled as of today's date, August 21, 2026.

Under the facts of this case, where it is not disputed that Petitioner was arrested in Pennsylvania approximately 5 years after he illegally entered the United States, for the reasons set forth by this Court in *Rivera Juarez v. Oddo et al.*, 3:26-cv-718 (W.D. Pa) (Schwab, J.) (Doc. 10), the Court finds that Petitioner's detention is governed by Section 1226(a) and not Section 1225(b)(2). *See also Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026);

*Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-32 (6th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1280-81 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec*., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur by the close of business on Monday, August 31, 2026, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this Order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an Order: (1) immediately releasing Petitioner from ICE custody; (2) not permitting Respondents to remove Petitioner from the United States pending his removal proceedings;

(3) requiring five (5) days' notice to Petitioner's counsel prior to any attempted removal; (4) requiring at the ordered bond hearing that the Government bear the burden of proving by clear and convincing evidence that continued detention of Petitioner is necessary due to flight risk or danger to the community and that the IJ consider Petitioner's financial circumstances and ability to pay and alternatives to detention; and (5) awarding reasonable attorney's fees and costs "as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable statutes."

More specifically, where, as here, Petitioner has been detained for less than one (1) month, the Court finds that providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, is the proper remedy as opposed to immediate release under conditions of supervision. *See Pico Bano v. Mullen et al.*, Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo*, Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a

bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.”).

Nor, under the facts of this case, will the Court order a bond hearing in which the burden of proof shifts to the Government to establish, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. *See Abai Makeshov. v. Oddo et al.*, Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: “[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.”) (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: “As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, ‘[n]o court may set aside’ the immigration judge's decision as to ‘the denial of bond.’ 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring

Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo*, Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot*, 906 F.3d at 279).

Further, the Court will not, at present, order the IJ to consider detention alternatives and Petitioner's financial circumstances or ability to pay at the ordered bond hearing. Rather, the Court will "allow the IJ to determine in the first instance whether the additional procedural safeguards requested by Petitioner are necessary or appropriate. In the event that Petitioner believes the IJ has not afforded him constitutionally adequate procedures, he may apply to this Court for further relief." *Brito Rivero v. Oddo*, Civ. No. 3:26-776, 2026 WL 1382246, at *2 (W.D. Pa. May 18, 2026) (Fischer, J.).

Finally, as the United States Court of Appeals for the Third Circuit has not yet addressed whether a petitioner similarly situated to Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b), and other circuit courts of appeals are split on the issue,

Respondents' position was substantially justified in this case, and thus, no costs or attorney fees shall be awarded pursuant to the EAJA..

SO ORDERED this 21st day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record